**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

DERRION SPENCER,

     Plaintiff

         v.

CLOROX SERVICES COMPANY
and THE KINGSFORD PRODUCTS
COMPANY, LLC.

     Defendants

Case No.
Div.
JURY DEMAND

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Clorox Service Company ("Clorox") and The Kingsford Products Company, LLC ("Kingsford") (collectively, "Defendants"), jointly remove the above titled action from the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis to the United States District Court for the Western District of Tennessee Western Division.  This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441, et seq.  Complete diversity of citizenship exists between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  In support of removal, Defendants state as follows:

**A.**     **Background and Legal Standard.**

    1.     On June 9, 2022, Plaintiff Derrion Spencer filed his Complaint for Damages and Demand for Jury Trial ("Complaint") in the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis, styled as *Derrion Spencer v. Clorox Services Company and The Kingsford Products Company, LLC.*, No. CT-2331-22

2.      Plaintiff's Complaint alleges that on June 19, 2021, he intended to grill food using Match Light charcoal manufactured by Kingsford Products Company.  Pl.'s Compl. ¶12 (Ex. A). He allegedly "placed two (2) bags of Kingsford Match Light charcoal" into "the side panel of the oversized grill" and "proceeded to ignite the charcoal using a lighter." *Id*. at ¶ 13.  Plaintiff then claims that the charcoal "ignited in a volatile manner within the grill, engulfing his left arm and hand in flames and causing severe and permanent injuries . . . ." *Id*. at ¶ 15.  To recover for his alleged injuries, Plaintiff pleads claims for negligence, strict products liability, and breach of warranty (merchantability and fitness for a particular purpose) against both Clorox and Kingsford pursuant to the Tennessee Product Liability Act.  *See generally id.*

3.      On July 11, 2022, Defendants were served with a copy of the Summons and Plaintiff's Complaint.  *See* Service of Process Transmittal Summary (Ex. A).

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

5.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . ." 28 U.S.C. § 1332(c)(1).  Conversely, unincorporated entities, such as limited liability companies, "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

6.      Under 28 U.S.C. § 1332(a)(1), federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States[.]"

7.      Pursuant to 28 U.S.C.A. § 1446(b) "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8.      Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

9.      As explained below, this action satisfies all of the perquisites for removal based on diversity of citizenship.

**B.      Complete Diversity.**

10.     Plaintiff alleges that he is an adult resident of Shelby County, Tennessee.

11.     Clorox Services Company is, and was at the time Plaintiff commenced this action, a Delaware Corporation with its principle place of business in California.

12.     The Kingsford Charcoal Company, LLC is, and was at the time Plaintiff commenced this action, a Delaware Corporation with its principle place of business in California. None of The Kingsford Charcoal Company LLC's members are residents of the state of Tennessee.

13.     Complete diversity therefore exists under 28 U.S.C. § 1332 because Plaintiff is not a citizen of the same state as Defendants.

**C.      Amount in Controversy.**

14.     Plaintiff's Complaint requests "compensatory damages, not to exceed $2,000,000.00 for the injuries and damages sustained by Plaintiff . . . ."  Pl.'s Compl. at 8, ¶ 2. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) ("the sum claimed by the

plaintiff[s] controls"); *Alinsub v. T-Mobile*, 414 F. Supp. 2d 825, 827–28 (W.D. Tenn. 2006) ("In diversity citizenship cases, "[t]he general federal rule has long been to decide what the amount-in-controversy is from the complaint itself, unless it appears or is in some way shown that the amount in the complaint is not claimed in good faith") (internal quotations omitted).

15. Plaintiff also alleges that he suffered third degree burns on his left arm and hand, which resulted in "substantial pain and suffering, medical treatment and expenses, and permanent disfigurement and scarring." *Id.* ¶ 15.

16. The amount in controversy therefore exceeds $75,000, exclusive of interests and costs.

**D.    Timely Removal.**

17. Defendants were served with Plaintiff's Complaint on July 11, 2022.  Accordingly, removal of this action on August 8, 2022 is timely.

**E.    Rule of Unanimity.**

18. Clorox Services Company, a properly joined and served Defendant, hereby consents to removal.

19. The Kingsford Products Company, LLC, a properly joined and served Defendant, hereby consents to removal.

20. There are no other Defendants in this action.

**F.    Venue.**

21. Venue is proper in this Court because Plaintiff filed this action in the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis, a court encompassed by the United States District Court for the Western District of Tennessee Western Division.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 105(a)(3); LR 3.3(b).

**G.      Notice of Removal to Plaintiff and State Court and Copies of All Pleadings.**

22.      Pursuant to 28 U.S.C. § 1446(a), a docket sheet is attached as Exhibit B and copies of all process, the Complaint, and other documents on file in the state court are collectively attached as Exhibit A.

23.      Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of the Notice of Removal will be served promptly on Plaintiff's counsel.  Defendants also will promptly file a copy with the Clerk of the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis.

24.      Pursuant to Federal Rule of Civil Procedure 7.1 an LR 3.1 Defendants have contemporaneously filed their Disclosure Statements and Civil Cover Sheets.  The Disclosure Statements are attached as Exhibit C, and the Civil Cover Sheet is attached as Exhibit D.

**H.      Reservation of rights.**

25.      By filing this Notice of Removal, Defendants do not waive any jurisdictional or other defenses that might be available to them.  In addition, Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and reserve the right to amend or supplement this Notice of Removal.

**I.       Conclusion.**

26.      Accordingly, Defendants, under 28 U.S.C. §§ 1332, 1441, and 1446 hereby gives notice that they remove the matter styled as *Derrion Spencer v. Clorox Services Company and The Kingsford Products Company, LLC.*, No. CT-2331-22 from the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis to the United States District Court for the Western District of Tennessee Western Division.  Defendants request that this Court assume jurisdiction of this case as if Plaintiff had originally filed it here.  Should any question arise as to the removal of this matter, Defendants respectfully request an opportunity to conduct appropriate

discovery and/or to provide briefing and oral argument as to why removal is proper.

WHEREFORE, Defendants respectfully remove this Case from the Circuit Court of Shelby County, Tennessee for the Thirteenth Judicial District at Memphis to the United States District Court for the Western District of Tennessee Western Division.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38 and Local Rule 7.1(c), Clorox Services Company and The Kingsford Products Company, LLC demand a jury trial as to all claims triable in this action.

Respectfully submitted,

/s/ Marc P. Miles

MARC P. MILES (039954)
**Attorneys for Defendants**
SHOOK, HARDY & BACON LLP
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016
E-mail: mmiles@shb.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been

forwarded, via email, to the following counsel of record this 10th day of August, 2022.

**ESKINS, KING & MARNEY, P.C.**
James E. King, Jr.
Andrew H. Williamson
***Attorneys for Plaintiff***
200 Jefferson Avenue
Suite 1510
Memphis, TN  38103
Telephone: (901) 578-6902
Facsimile: (901) 578-8690
Email: jking@eskinsking.com
Email: awilliamson@eskinsking.com

/s/ *Marc P. Miles*
_____

MARC P. MILES (039954)
***Attorneys for Defendants***