# Exhibit A



## Service of Process Transmittal Summary

**TO:**     Sheena Reed, Sr. Legal Secretary
            The Clorox Company
            1221 BROADWAY
            OAKLAND, CA 94612-1837

**RE:**     **Process Served in Tennessee**

**FOR:**    Clorox Services Company  (Domestic State: DE)


**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DERRION'SPENCER // To: Clorox Services Company |
| **CASE #:** | CT233122 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 07/11/2022 at 09:42 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Sheena Reed  Sheena.Reed@clorox.com |
| | Email Notification,  Rachel Barack  rachel.barack@clorox.com |
| | Email Notification,  Mark Danis  mark.danis@clorox.com |
| | Email Notification,  Greg Morales  greg.morales@clorox.com |
| | Email Notification,  Marley Degner  marley.degner@clorox.com |
| | Email Notification,  Nick Napolitan  nick.napolitan@clorox.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 300 Montvue RD |
| | Knoxville, TN 37919 |
| | 866-665-5799 |
| | SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

ELECTRONICALLY FILED
2022 Jun 09 11:26 AM
CLERK OF COURT - CIRCUIT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. **CT- 2331-22**

○● Lawsuit
○ Divorce

Ad Damnum $ **2,000,000.00**

| DERRION SPENCER | VS | CLOROX SERVICES COMPANY and THE KINGSFORD PRODUCTS COMPANY, LLC. |
|---|---|---|
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| CLOROX SERVICES COMPANY<br>1221 BROADWAY<br>OAKLAND CA., 94612-1837<br>C/O CT CORPORATION SYSTEM - REGISTERED AGENT<br>300 MONTVUE RD.<br>KNOXVILLE, TN. 37919-5546 | Method of Service:<br>○ Certified Mail<br>○ Shelby County Sheriff<br>○ Commissioner of Insurance ($)<br>○ Secretary of State ($)<br>○ Other TN County Sheriff ($)<br>◉ Private Process Server<br>○ Other |
|---|---|

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **James E. King, Jr. and Andrew H. Williamson**    Plaintiff's

attorney, whose address is **200 Jefferson Ave., Ste. 1510, Memphis, TN. 38103**

telephone **(901) 578-6902**    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____    By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ___11___ day of ___July___, 20 _22_ at _9:30 A_ M. a copy of the summons

and a copy of the Complaint to the following Defendant _Clorox Services Company_

at _CT Corporation System_

By: _Jennifer Piott_

_____
Signature of person accepting service

Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:**      DERRION SPENCER VS CLOROX SERVICES COMPANY

**Case Number:**     CT-2331-22

**Type:**           SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 06/09/2022 12:58:27 PM

ELECTRONICALLY FILED
2022 Jun 09 11:26 AM
CLERK OF COURT - CIRCUIT

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**DERRION SPENCER,**

      **Plaintiff,**

No.: *CT-2331-22*
Div. *V*
**JURY DEMANDED**

**v.**

**CLOROX SERVICES COMPANY
and THE KINGSFORD PRODUCTS
COMPANY, LLC.**

      **Defendants.**

---

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

---

COMES NOW the Plaintiff, Derrion Spencer (hereinafter "Plaintiff") by and through counsel of record, and files this Complaint for Damages against Defendants for personal injuries and damages. In support, Plaintiff would respectfully state unto this Honorable Court the following to wit:

### PARTIES

1.    Plaintiff Derrion Spencer is an adult resident of Shelby County, Tennessee, currently residing at 1507 Fairfax St., Memphis, TN. 38108.

2.    Upon information and belief, Plaintiff alleges that Defendant Clorox Services Company (hereinafter "Clorox") is a is a Delaware Corporation with its principal place of business located at 1221 Broadway, Oakland, CA. 94612-1837 and may be served through its registered agent in Tennessee, CT Corporation System, at 300 Montvue Rd., Knoxville, TN. 37919-5546. At all times mentioned herein, Defendant Clorox was, and is, authorized to do business within the

1

State of Tennessee and was, and is, engaged in the business of deriving profit from designing, manufacturing, advertising, promoting, and importing Kingsford Match Light charcoal for sale within the County of Shelby County, Tennessee. Defendant Clorox is authorized to conduct business in Tennessee (Control # 001030296) and is in the business of designing, developing, testing, manufacturing, distributing, and marketing Kingsford Match Light Charcoal.

      3.      Upon information and belief, Plaintiff alleges that Defendant the Kingsford Products Company, LLC. (hereafter "Kingsford"), a wholly owned subsidiary of Defendant Clorox, is a Delaware Limited Liability Company with its principal place of business located at 1221 Broadway, Oakland, CA. 94612 and may be served through its registered agent in California, CT Corporation System, at 330 N. Brand Blvd., Ste. 700, Glendale, CA. 91203. At all times mentioned herein, Defendant Kingsford was, and is, authorized to do business within the State of Tennessee and was, and is, engaged in the business of deriving profit from designing, manufacturing, advertising, promoting, and importing Kingsford Match Light Charcoal for sale within the County of Shelby County, Tennessee. Defendant Kingsford, being a wholly owned subsidiary of Defendant Clorox (Control # 001030296), is authorized to conduct business in Tennessee and is in the business of designing, developing, testing, manufacturing, distributing, and marketing Kingsford Match Light Charcoal.

## JURISDICTION AND VENUE

      4.      Plaintiff asserts and realleges each and every allegation above as though set forth herein verbatim.

      5.      This Court has jurisdiction over this cause of action pursuant to inter alia, Tenn. Code Ann. § 16-10-101.

2

6.      Venue is proper in this Court pursuant to inter alia, Tenn. Code Ann. § 20-4-101 because all or part of this cause of action arose within Shelby County, Tennessee.

7.      This Complaint is filed with the applicable statute of limitations

## FACTS

8.      Plaintiff asserts and realleges each and every allegation above as though set forth herein verbatim.

9.      On or about June 19, 2021, Plaintiff purchased two (2) bags of Kingsford Match Light charcoal from a Sam's Club store located at 2150 Covington Pike, Memphis, TN. 38128.

10.     Kingsford Match Light charcoal is designed, manufactured, and distributed for consumer purchasing by Defendant Clorox and Defendant Kingsford.

11.     On or about June 19, 2021, Plaintiff attended a birthday celebration at Hollywood Park and Community Center located at 1560 N. Hollywood St., Memphis, TN. 38108.

12.     While attending the aforementioned birthday celebration, Plaintiff intended to grill food using Kingsford Match Light charcoal.

13.     While preparing to operate an oversized grill located at Hollywood Park and Community Center, Plaintiff opened the side panel to the oversized grill, placed two (2) bags of Kingsford Match Light charcoal into the grill, and proceeded to ignite the charcoal using a lighter.

14.     At all relevant times during the subject incident, Plaintiff was using Kingsford Match Light charcoal in a manner consistent with the product's intended and ordinary use and did not alter the product in any manner whatsoever prior to use.

15.     Immediately and as soon as Plaintiff ignited the charcoal, in a manner consistent with the product's intended usage, the charcoal suddenly and unpredictably ignited in a volatile manner within the grill, engulfing his left arm and hand in flames and causing severe and

3

permanent injuries to Plaintiff, including but not limited to third (3rd) degree burns on Plaintiff's left arm and hand, which in turn resulted in substantial pain and suffering, medical treatment and expenses, and permanent disfigurement and scarring.

16.     The pain, suffering, and severe injuries suffered by Plaintiff were proximately caused by the tortious acts and omissions of Defendants Clorox and Kingsford, jointly and severally.   The tortious acts of Defendants, which in concert caused the personal injuries to Plaintiff, are described more fully and specifically in the paragraphs below.

17.     As a direct and proximate result of the charcoal's failure to properly ignite, sudden and volatile ignition, and resulting injuries, Plaintiff also suffered from and continues to suffer from severe emotional distress.

18.     Prior to this incident, Plaintiff was a regular user of Kingsford Match Light Charcoal, had used the product for years, and the product had never suddenly ignited in a volatile manner until the day of the incident that is the subject of this lawsuit.

19.     Eyewitnesses to the incident that is the subject of this lawsuit were present on June 19, 2021.

20.     Defendants Clorox and Kingsford designed, tested, manufactured, marketed, distributed, sold, and placed into the stream of commerce the Kingsford Match Light charcoal purchased and used by Plaintiff on June 19, 2021.

21.     Defendants Clorox and Kingsford designed and manufactured the Kingsford Match Light charcoal in a manner that resulted in the charcoal's volatile ignition, which could foreseeably cause severe injuries to persons using the charcoal in a manner consistent with the charcoal's intended usage and did in fact result in Plaintiff suffering from severe injuries.

4

22.     But for Defendants' negligent and defective design and manufacture of the Kingsford Match Light charcoal, Plaintiff would not have suffered the life-threatening and life-altering severe injuries he incurred as a result of the charcoal's volatile ignition.

## COUNT ONE

### NEGLIGENCE OF DEFENDANTS CLOROX AND KINGSFORD

23.     Plaintiff asserts and realleges each and every allegation above as though set forth herein verbatim.

24.     Defendants Clorox and Kingsford, as product manufacturers, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacture, inspect, market, and distribute a product free of unreasonable risk of harm to buyers and users.

25.     Defendants Clorox and Kingsford breached their duty to exercise reasonable care to design, test, manufacture, inspect, market, distribute, and sell Kingsford Match Light charcoal free of the unreasonable risk of physical harm to prospective buyers and users, including Plaintiffs. More specifically, Defendants Clorox and Kingsford breached their duty of care in the following manners:

    (1)     Kingsford Match Light charcoal lacked the strength and structural integrity necessary to be free of volatile ignition risk during foreseeable ignition when used under normal operational conditions for purposes for which Kingsford Match Light charcoal was designed and manufactured;

    (2)     Defendants Clorox and Kingsford did not adequately test the Kingsford Match Light charcoal to determine whether prospective buyers and users would be exposed to an unreasonable risk of physical harm during ignition;

    (3)     Defendants Clorox and Kingsford should have known from proper and adequate testing that Kingsford Match Light charcoal would fail and ignite in a volatile manner during ignition and that serious injury to buyers and/or users could result; and

(4)    Defendants Clorox did not warn prospective buyers or users, including Plaintiff, of the unreasonable risk of physical harm associated with the negligent design and manufacture of the Kingsford Match Light charcoal.

26.    At the time Defendants Clorox and Kingsford manufactured, marketed, distributed, and sold the subject charcoal, Defendants Clorox and Kingsford could reasonably have foreseen the occurrence of volatile ignitions and resulting severe injuries such as the ones described in this Complaint.

27.    Defendants Clorox and Kingsford's failure to exercise reasonable care in designing, testing, manufacturing, inspecting, marketing, distributing, and selling Kingsford Match Light charcoal proximately caused Plaintiff's injuries.

28.    Defendants Clorox and Kingsford are liable for Plaintiff's injuries.

## COUNT TWO

### STRICT LIABILITY OF DEFENDANTS CLOROX AND KINGSFORD

29.    Plaintiff asserts and realleges each and every allegation above as though set forth herein verbatim.

30.    Defendants Clorox and Kingsford are strictly liable to Plaintiff under Tenn. Code. Ann. § 29-28-102(2) for the injuries sustained by Plaintiff because the Kingsford Match Light charcoal was unsafe for normal or anticipatable handling and consumption, thereby rendering the product in a defective condition.

31.    Defendants Clorox and Kingsford are strictly liable to Plaintiff under Tenn. Code. Ann. § 29-28-102(7) because they sold Kingsford Match Light Charcoal to retailers, such as Sam's Club, for resale to ordinary consumers, particularly Plaintiff, for use or consumption that was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it.

32.     Defendants Clorox and Kingsford are strictly liable to Plaintiff under Tenn. Code. Ann. § 29-28-102(8) because a reasonably prudent manufacturer or seller would not have put the Kingsford Match Light charcoal on the market knowing of the dangerous condition with the subject charcoal, thereby rendering the product unreasonably dangerous.

33.     The risks inherent in the design and manufacture of Kingsford Match Light Charcoal, which rendered it defective and unreasonably dangerous include, but are not limited to, the following:

(1)     Kingsford Match Light charcoal lacked the strength and structural integrity necessary to be free of volatile ignition risk during foreseeable ignition when used under normal operational conditions for purposes for which Kingsford Match Light charcoal was designed and manufactured;

(2)     Defendants Clorox and Kingsford did not adequately test the Kingsford Match Light charcoal to determine whether prospective buyers and users would be exposed to an unreasonable risk of physical harm during ignition;

(3)     Defendants Clorox and Kingsford should have known from proper and adequate testing that Kingsford Match Light charcoal would fail and ignite in a volatile manner during ignition and that serious injury to buyers and/or users could result; and

(4)     Defendants Clorox did not warn prospective buyers or users, including Plaintiff, of the unreasonable risk of physical harm associated with the negligent design and manufacture of the Kingsford Match Light charcoal.

34.     In conjunction with the negligence of Defendants Clorox and Kingsford, the design and manufacturing defects of the Kingsford Match Light charcoal proximately caused Plaintiff's injuries.

## COUNT FIVE

### BREACH OF WARRANTY

35.     Plaintiff asserts and realleges each and every allegation above as though set forth herein verbatim.

7

36.     At all times relevant to the Complaint, Defendants Clorox and Kingsford were merchants in the business of supplying goods and/or products sold for consumer usage.  As such Defendants Clorox and Kingsford breached the warranties of merchantability and fitness for a particular purpose in that the subject Kingsford Match Light charcoal was not fit for ordinary use or for the intended use for which it was purchased.  These breaches of warranty were a cause and/or contributing cause of the severity of the damages, which resulted from the incident, Plaintiff's injuries, and the resulting damages suffered and sought by Plaintiff herein.  The product was unfit as previously described in the foregoing accounts.

### DEMAND FOR JURY TRIAL

37.     Plaintiff hereby requests a jury trial on all questions of fact.

38.     Plaintiff reserves the right to amend and supplement this Complaint as facts are gathered and known through the discovery process.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff prays as follows:

1.      That proper process be issued for all Defendants and be served upon the Defendants directing them to appear and answer the Complaint;

2.      That upon hearing of this cause, Plaintiff be awarded compensatory damages, not to exceed $2,000,000.00 for the injuries and damages sustained by Plaintiff, and the costs of this cause, both statutory and discretionary, pursuant to Rule 54 of the Tennessee Rules of Civil Procedure;

3.      That Plaintiff be awarded his costs and interest; and

4.     For such other and further relief, both general and specific, under law or in equity, to which this Court finds Plaintiff is justly entitled under the premises.

Respectfully Submitted,

**ESKINS, KING & MARNEY, P.C.**

James E. King, Jr. (21219)
Andrew H. Williamson (37322)
*Attorneys for Plaintiff*
200 Jefferson Avenue, Suite 1510
Memphis, Tennessee 38103
Telephone: (901) 578-6902
Facsimile: (901) 578-8690
Email: jking@eskinsking.com
Email: awilliamson@eskinsking.com

9